# EXHIBIT A

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
11/08/2023
CT Log Number 545102357

## Service of Process Transmittal Summary

**TO:** Melody Loudin, Online Marketing Specialist
Coinme Inc.
113 CHERRY ST STE 77544
SEATTLE, WA 98104-2205

**RE:** Process Served in Pennsylvania

**FOR:** Coinme Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENT PETRY vs. COINME, INC. |
| **CASE #:** | 202307014 |
| **PROCESS SERVED ON:** | C T Corporation System, Harrisburg, PA |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 11/08/2023 |
| **JURISDICTION SERVED:** | Pennsylvania |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Neil Bergquist neil@coinme.com |
| | Email Notification, Chris Roling chris.roling@coinme.com |
| | Email Notification, Melody Loudin melody.loudin@coinme.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 600 N. 2nd Street, Suite 401 |
| | Harrisburg, PA 17101 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Petry
PO Box 3387
Warminster, PA 18974

**Retail**

USPS
UNITED STATES
POSTAL SERVICE

17101

**RDC 99**

U.S. POSTAGE PAID
FCM LETTER
WARMINSTER, PA 18974
NOV 06, 2023

**$1.14**

R2305H130256-24

Coinme, Inc.
c/o CT Corporation System
600 North Second St.
Suite 401
Harrisburg, PA 17101

# LAW OFFICES OF KENT PETRY

ATTORNEY AT LAW

PO BOX 3387
WARMINSTER, PENNSYLVANIA 18974
TELEPHONE (215) 322-1084
FAX (866) 829-4047

KENT PETRY, ESQUIRE
LICENSED IN PENNSYLVANIA
E-MAIL ADDRESS: KENT@PETRYLAW.NET
WWW.PETRYLAW.NET

November 6, 2023

**_Via First Class Mail_**
Coinme, Inc.
c/o CT Corporation System
600 North Second Street
Suite 401
Harisburg, PA 17101
Registered Agent for Defendant

**RE:   Kent Petry v. Coinme, Inc., Bucks County Docket No. 2023-07014**

Agent for Coinme, Inc.

    I am an attorney representing Plaintiff in the above referenced litigation. In order to avoid the costs of service and potential motions practice, I would ask you to please accept service as the agent of Coinme, Inc. If Coinme, Inc. will not waive formal service, the costs of effectuating service upon them will form a part of Plaintiff's damages in the above captioned case. If amenable to this request, please fill out and file the enclosed Acceptance of Service form pursuant to 231 Pa. Code Rule 402. I am also enclosing a copy of the Complaint.

    Thank you in advance for your time and anticipated cooperation.

                                  Sincerely,

                                  /s/ Kent Petry
                     For:    Law Offices of Kent Petry

Enclosures

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| KENT PETRY<br><br>                    Plaintiff<br>v.<br>COINME, INC.<br><br>              Defendant. | Civil Action No.: 2023-07014 |

## ACCEPTANCE OF SERVICE

AND NOW, this _____ day of _____, 2023, I hereby accept service of a true and correct copy of the Plaintiff's Complaint on behalf of Defendant Coinme, Inc., and certify that I am authorized to do so.

_____
Signature of Authorized Agent / Defendant

_____
Written Name

_____
Title

_____
Date

**LAW OFFICES OF KENT PETRY**
PO Box 3387
Warminster, PA 18974
Tel: (215) 322-1084
Fax: (866) 829-4047
Email: kent@petrylaw.net
*Attorney for Plaintiff*

| | |
|---|---|
| KENT PETRY<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>COINME, INC.<br><br>　　　　　　　Defendant. | COURT OF COMMON PLEAS<br><br>BUCKS COUNTY<br><br>PENNSYLVANIA<br><br>Civil Action No.:2023-07014 |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Bucks County Bar Association
135 East State Street
Doylestown, PA 18901
Phone: 215-348-9413, 1800-479-8585; www.bucksbar.org
PA Bar Association: www.pabar.org

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Kent Petry
　　　　　　　　　　　　　　　　　　　　　　　　　Kent Petry, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　Law Offices of Kent Petry
　　　　　　　　　　　　　　　　　　　　　　　　　Attorney ID No. 207659
　　　　　　　　　　　　　　　　　　　　　　　　　PO Box 3387
　　　　　　　　　　　　　　　　　　　　　　　　　Warminster, PA 18974
　　　　　　　　　　　　　　　　　　　　　　　　　Phone: (215) 322-1084

Case# 2023-07014-0 - JUDGE:34 Received at County of Bucks Prothonotary on 11/06/2023 12:55 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENT PETRY, Esq.



COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

KENT PETRY

vs.

COINME INC

NO. 2023-07014

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: KENT PETRY, Esq., ID: 207659

Self-Represented (Pro Se) Litigant [X]

**Class Action Suit**   [ ] Yes   [X] No

**MDJ Appeal**   [ ] Yes   [X] No

**Money Damages Requested** [X]

**Commencement of Action:** Complaint

**Amount in Controversy:** $50,000 or less

## Case Type and Code

Miscellaneous:

Other

Other: STATUTORY VIOLATIONS, FRAUD

Case# 2023-07014-0 - JUDGE:34 Received at County of Bucks Prothonotary on 11/06/2023 12:55 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENT PETRY, Esq.

KENT PETRY
PA Attorney I.D. No.: 207659
LAW OFFICES OF KENT PETRY
PO Box 3387
Warminster, PA 18974
Tel: (215) 322-1084
Fax: (866) 829-4047
Email: kent@petrylaw.net
*Attorney for Plaintiff*

**NOTICE TO PLEAD**
**You are hereby notified to file a written response to the enclosed Complaint within twenty (20) days from service hereof or a judgment may be entered against you.**

| KENT PETRY | COURT OF COMMON PLEAS |
| --- | --- |
| Plaintiff | BUCKS COUNTY |
| v. | PENNSYLVANIA |
| COINME, INC. | |
| Defendant. | Civil Action No.: |

## COMPLAINT

Plaintiff, Kent Petry ("**Plaintiff**"), by and through their undersigned counsel, complains against Coinme, Inc. ("**Coinme**", "**Defendant**") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for the violation of statutes, including the Securities Exchange Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Act, as well as common law claims of fraud, in connection with Defendant Coinme, Inc.'s sale of cryptocurrency and provision of an online cryptocurrency platform.

2. Plaintiff is seeking all available monetary damages, including punitive damages due to the outrageous conduct, reckless indifference and/or evil motives of Defendant as described herein which were intentional, reckless and/or malicious, as well as injunctive relief compelling

1

Defendant to immediately cease actions relating to their fraudulent sale of cryptocurrency and associated exchange.

## PARTIES

3. Plaintiff Kent Petry is an adult individual residing in Bucks County, PA.

4. Defendant Coinme, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. It has a registered corporate address in Pennsylvania through Registered Agent CT Corporation System at 600 North Second Street, Suite 401, Harrisburg, PA 17101.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Defendant who avails themselves of trade within Bucks County, and because the events giving rise to this action took place within Bucks County.

6. Venue for this action lies in Bucks County pursuant to Rule 1006(a)(1) of the Pennsylvania Rules of Civil Procedure because the cases of action asserted herein arose in Bucks County.

## FACTS

7. On May 26, 2023 at 5:12pm Plaintiff paid $380 to Coinme through a Coinstar kiosk located in Bucks County, PA for what Coinme represented to be Bitcoin ("BTC") with a value of 1 BTC / $29,745.81.

8. After an additional $15.20 in transaction fees, Coinme provided a receipt to Plaintiff that represented he had purchased $364.80 worth of BTC.

2

Case# 2023-07014-0 - JUDGE:34 Received at County of Bucks Prothonotary on 11/06/2023 12:55 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENT PETRY, Esq.

9. At the stated exchange rate of 1 BTC/$29,745.81 on the receipt, Plaintiff should have been entitled to .01226391212 BTC.

10. After registering the purchase on the Coinme website, Plaintiff then tried to initiate a transfer of $338 worth of BTC through the Coinme website.

11. Coinme represented to Plaintiff that this transaction was pending.

12. This transaction would never be processed.

13. Despite Coinme representatives stating that someone would reach out to Plaintiff to discuss this issue, they never did.

14. After five days and multiple attempts to transfer $338 worth of BTC out of Plaintiff's Coinme account, Coinme customer service representatives told Plaintiff that there was only $331 worth of BTC in his account.

15. Plaintiff reviewed Coinme's app and website, which both stated Plaintiff held over $350 worth of BTC in his account.

16. Coinme then told Plaintiff that since the price of BTC had gone down since his purchase, that there was now less than what he had purchased in his account.

17. This was not true, and Plaintiff communicated to Coinme that according to both their website and their app, the price of BTC had actually gone _up_ since Plaintiff's purchase, and that there should actually be _more_ BTC in his account than what they were stating.

18. After Coinme made yet another fraudulent representation to Plaintiff regarding the price of BTC, Plaintiff looked up the current price of BTC through another service.

19. As it turned out, Coinme was overstating the price/value of BTC not only through their app and website on an ongoing basis in order to fool their customers into thinking they held

3

Case# 2023-07014-0 - JUDGE:34 Received at County of Bucks Prothonotary on 11/06/2023 12:55 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENT PETRY, Esq.

a higher value of cryptocurrency than what you may purportedly have, but they also massively overstate the value of BTC at the point of purchase.

20. When Plaintiff purchased the BTC on May 26, 2023, Coinme told Plaintiff that 1 BTC was worth $29,745.81.

21. According to other sources, on May 26, 2023 the price of 1 BTC never went above $27,000.

22. When Plaintiff spoke with Coinme customer service on May 31, 2023, Coinme told Plaintiff that 1 BTC was worth $29,009.53.

23. According to other sources, on May 31, 2023 the price of 1 BTC was approximately $27,098.75.

24. Coinme intentionally misrepresents the price of cryptocurrency at the point of purchase in order to give customers, including Plaintiff, less than what you are actually due.

25. Coinme also intentionally misrepresents the price of cryptocurrency through their app and website in order to deceive customers, including Plaintiff, into believing they have more cryptocurrency than they actually do.

26. These actions constitute a fraud being perpetrated by Coinme upon their customers, including Plaintiff.

## COUNT I
### Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Act

27. Plaintiff incorporates by reference each allegation set forth above, as though fully set forth herein.

28. 73 P.S. §201-1 through 201-9.2 is known as the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("**PAUTPCPL**").

4

29. 73 P.S. §201-2(4)(xxi) defines "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding" as an unfair method of competition.

30. 73 P.S. §201-3 declares such action as unlawful.

31. 73 P.S. §201-9.2 provides for a private cause of action for violations of the PAUTPCPL, and allows for actual damages, treble damages, costs, attorneys' fees and "such additional relief as [the court] deems necessary or proper."

32. Plaintiff submits that the actions of Defendant as alleged throughout this document and as will be uncovered through discovery and established at any ultimate hearing or trial in this action constitute willful violations of the PAUTPLCPL.

33. Due to the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, plus interest and costs of suit, attorneys' fees, costs, treble damages and punitive damages, the specific amount of which shall be determined at trial. Moreover, Plaintiff requests an injunction against the Defendant, directing them to cease the sale of cryptocurrency in Pennsylvania until they have established and are able to provide a truthful and accurate service/exchange.

## COUNT II
### Fraud

34. Plaintiff incorporates by reference each allegation set forth above, as though fully set forth herein.

35. As stated herein, Defendant made material misrepresentations to Plaintiff with regards to the amount and value of the cryptocurrency they were selling, and which Plaintiff held.

36. Defendant made such statements for the purpose of inducing their customers, including Plaintiff, to rely upon them in deciding to purchase cryptocurrency from Defendant.

37. Plaintiff justifiably relied upon those misrepresentations.

38. Plaintiff suffered damages and was injured as a result of these misrepresentations made by Defendant.

39. Plaintiff submits that the actions of Defendant as alleged throughout this document and as will be uncovered through discovery and established at any ultimate hearing or trial in this action constitute fraud.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, plus interest and costs of suit, attorneys' fees, costs, treble damages and punitive damages, the specific amount of which shall be determined at trial. Moreover, Plaintiff requests an injunction against the Defendant, directing them to cease the sale of cryptocurrency in Pennsylvania until they have established and are able to provide a truthful and accurate service/exchange.

### COUNT III
### Violations of the Securities Exchange Act

40. Plaintiff incorporates by reference each allegation set forth above, as though fully set forth herein.

41. Securities Exchange Act section 10(b), which is codified at 15 U.S.C. §78j(b), states that it shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange…(b) to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities based swap agreement, any manipulative or deceptive device or contrivance in contravention of such rules and

Case# 2023-07014-0 - JUDGE:34 Received at County of Bucks Prothonotary on 11/06/2023 12:55 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENT PETRY, Esq.

regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

42. Pursuant to its authority under the Exchange Act, the SEC adopted Rule 10b-5, which corresponds to section 10(b), and is codified at 17 C.F.R. §240.10b-5.

43. Rule 10b-5 states, it shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

44. Section 20(a) of the Exchange Act provides for joint and several liability for violations of the act, and states that "[e]very person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable...."

45. As alleged throughout this document and as will be uncovered through discovery and established at any ultimate trial in this matter, Defendant made material misrepresentations regarding their sale of cryptocurrencies.

46. Defendant knew at the time those misrepresentations were made that such representations were false and/or misleading.

7

47. The misrepresentations made by Defendant were in connection with the purchase or sale of a security.

48. Plaintiff justifiably relied upon those representations of Defendant, which led to and were the proximate result of the economic loss suffered by Plaintiff.

49. Plaintiff submits that the actions of Defendant as alleged throughout this document and as will be uncovered through discovery and established at any ultimate hearing or trial in this action constitute violations of the Securities Exchange Act.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, plus interest and costs of suit, attorneys' fees, costs, treble damages and punitive damages, the specific amount of which shall be determined at trial. Moreover, Plaintiff requests an injunction against the Defendant, directing them to cease the sale of cryptocurrency in Pennsylvania until they have established and are able to provide a truthful and accurate service/exchange.

## COUNT IV
### Violations of the Commodities Exchange Act

50. Plaintiffs incorporate by reference each allegation set forth above, as though fully set forth herein.

51. The Commodities Exchange Act, at 7 U.S.C. §9 provides that "[i]t shall be unlawful for any person, directly or indirectly, to use or employ, or attempt to use or employ, in connection with any swap, or a contract of sale of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity, any manipulative or deceptive device or contrivance [including disclosures] as necessary to make any statement made to the other person in or in connection with the transaction not misleading in any material respect."

52. That section further provides that "it shall be unlawful for any person, directly or indirectly, to manipulate or attempt to manipulate the price of any swap, or of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity."

53. 7 U.S.C. §6(b) provides that it shall be unlawful "for any person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or swap, that is made, or to be made, for or on behalf of, or with, any person...(a) to cheat or defraud or attempt to cheat or defraud the other person; (b) willfully to make or cause to be made to the other person any false report or statement or willfully to enter or cause to be entered for the other person any false record; (c) willfully to deceive or attempt to deceive the other person by any means whatsoever...."

54. 7 U.S.C. §25 provides for a private cause of action against violators of the Commodities Exchange Act, and allows for double damages and punitive damages.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, plus interest and costs of suit, attorneys' fees, costs, double damages and punitive damages, the specific amount of which shall be determined at trial. Moreover, Plaintiff requests an injunction against the Defendant, directing them to cease the sale of cryptocurrency in Pennsylvania until they have established and are able to provide a truthful and accurate service/exchange.

## COUNT V
### Unjust Enrichment

55. Plaintiff incorporates by reference each allegation set forth above, as though fully set forth herein.

56. Defendant received a benefit from Plaintiff.

57. The Defendant appreciated those benefits.

Case# 2023-07014-0 - JUDGE:34 Received at County of Bucks Prothonotary on 11/06/2023 12:55 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENT PETRY, Esq.

58.  The acceptance and retention of such benefits under the circumstances would be inequitable.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, plus interest and costs of suit, attorneys' fees, costs, treble damages and punitive damages, the specific amount of which shall be determined at trial. Moreover, Plaintiff requests an injunction against the Defendant, directing them to cease the sale of cryptocurrency in Pennsylvania until they have established and are able to provide a truthful and accurate service/exchange.

## COUNT VI
## Violations of the Lanham Act

59.  Plaintiff incorporates by reference each allegation set forth above, as though fully set forth herein.

60.  Section 43(a) of the Lanham Act provides that:

"Any person who, on or in connection with any goods or services…uses in commerce any…false or misleading representation of fact, which…in commercial advertising or promotion, misrepresents the nature, characteristics, qualities…of his or her or another person's goods, services or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

15 U.S.C. §1125(a)(1)(B).

61.  Through those actions of Defendant as alleged throughout this Complaint, Defendant have made false or misleading statements to Plaintiff.

62.  As a result of those actions of Defendant as alleged throughout this Complaint, there has been actual deception upon Plaintiff.

63.  That deceptive conduct of Defendant, including the intentional misrepresentation of the value of cryptocurrencies purchased by their customers, is material and influenced the purchasing decisions of Plaintiff.

64. Defendant is engaged in interstate commerce.

65. There is a substantial likelihood of injury to the Plaintiff, both economic and non-economic, as a result of those actions of Defendant.

66. Those statements and actions of Defendant were made in an effort to induce customers, including Plaintiff, to engage in business with Defendant.

67. The false and misleading statements are accessible through the internet, and may have an impact on parties outside of the state of Pennsylvania. This satisfies the commerce requirement of the Lanham Act.

68. Defendant has disseminated to the purchasing public their false statements.

69. Defendant has made multiple misleading representations of fact which misrepresent the nature, characteristics and qualities of their goods, services and/or commercial activities.

70. Defendant's conduct has resulted in damages to Plaintiff, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, plus interest and costs of suit, attorneys' fees, costs, treble damages and punitive damages, the specific amount of which shall be determined at trial. Moreover, Plaintiff requests an injunction against the Defendant, directing them to cease the sale of cryptocurrency in Pennsylvania until they have established and are able to provide a truthful and accurate service/exchange.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment in their favor and against Defendant, plus interest and costs of suit, attorneys' fees, pecuniary losses,

Case# 2023-07014-0 - JUDGE:34 Received at County of Bucks Prothonotary on 11/06/2023 12:55 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENT PETRY, Esq.

Case# 2023-07014-0 - JUDGE:34 Received at County of Bucks Prothonotary on 11/06/2023 12:55 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENT PETRY, Esq.

treble damages, and punitive damages, the specific amount of which shall be determined at trial. Moreover, Plaintiff requests an injunction against the Defendant, directing them to cease the sale of cryptocurrency in Pennsylvania until they have established and are able to provide a truthful and accurate service/exchange.

Respectfully Submitted,

**LAW OFFICES OF KENT PETRY**

/s/ Kent Petry, Esq.
Kent Petry (PA Attorney I.D. No. 207659)
PO Box 3387
Warminster, PA 18974
(215) 322-1084

*Attorney for Plaintiff*

Dated: November 6, 2023